**Buford L. EARLS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART. Commissioner of Social Security, Defendant–Appellee.**

**No. 02–3019.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 2002.

Decided Dec. 20, 2002.

Before Hon. EASTERBROOK, Hon. MANION, and Hon. TERENCE T. EVANS, Circuit Judges.

Order

Buford Earls contends that since 1995 he has been disabled by foot problems. An administrative law judge disagreed, the Appeals Council declined to review this decision, a district judge enforced it, and now Earls asks us to hold that the ALJ's decision is not supported by substantial evidence.

Earls accurately observes that the ALJ did not discuss every medical evaluation in the record–but the agency need not do this, which would pointlessly prolong the administrative process. Much evidence in any record has limited probative value. An agency must discuss the important evidence and indicate the nature of its reasoning and conclusions, see *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir.1995), which has been accomplished in this case. See also, e.g., *Sims v. Barnhart*, 309 F.3d 424 (7th Cir.2002).

According to his lawyer, Earls qualifies for benefits automatically because he has a listed impairment. But the ALJ was entitled to find that the evidence does not come close to meeting any of the listings. For example, Listing 1.09 deems a person disabled by virtue of "[a]mputation or anatomical deformity of (i.e., loss of major function due to degenerative changes associated with vascular or neurological defects . . .)[b]oth feet." Earls has two feet; only some bunions have been amputated. His feet have problems, and he has difficulty walking (the ALJ concluded that he is limited to sedentary jobs), but his ailments do not equate to the loss of both feet. True, one of the many medical reports in the record queries whether Earls' condi-

tions may come from "some strange neuropathic type condition," but Earls did not follow up on this report–and at all events the existing record does not show a functional loss equivalent to amputation. It is unnecessary to discuss Earls' other points about listings; they are no stronger than this one.

Because Earls is under 50 and has a GED, if he can do sedentary work he is not disabled. The basis for his contention that even sedentary work is impossible is a claim that he must keep his feet elevated– and a vocational expert concluded that if elevation is necessary then most sedentary jobs are indeed unavailable. No medical evidence in the record shows that elevation is essential, and the ALJ found that it is not. Earls suffers from a varus foot deformity, swelling, flatfootedness, fungus on a toenail, bunions, and corns. These certainly limit his activities, but the medical reports in the record, and the VE's testimony, supply substantial evidence for a conclusion that Earls can do sedentary work.

Affirmed